## PASS v. KANELL et al.

No. 5619.   Decided April 2, 1940.   (100 P. 2d 972.)

*Edward F. Richards,* of Salt Lake City, for appellant.

*E. A. Rogers,* of Salt Lake City, for defendant.

*Willard Hanson,* of Salt Lake City, for respondent.

MOFFAT, Chief Justice.

Whether the allegations of the complaint are sufficient to state a cause of action against appellants, Burton A. Anderson and Drive It Yourself Company, is the only question presented upon this appeal.

The point is raised because a general demurrer to the complaint was overruled by the trial court and is preserved for review on this appeal by a single assignment stating that the trial court committed error in overruling the demurrer of Burton A. Anderson to plaintiff's complaint.

Judgment went against all the defendants upon the negligence of Kanell, who rented from Anderson an automobile while Anderson was operating a Drive It Yourself Company business.

The demurrer and the assignment of error raise the constitutionality of Sec. 22, Chap. 43, Laws Utah 1933. Re-

spondent concedes that if the act or the part of the act attacked is unconstitutional no liability attaches to appellant Anderson.

Burton A. Anderson, one of the defendants and appellant, was engaged in the business of furnishing motor vehicles without drivers to persons desiring to rent such vehicles and desiring to drive them themselves. Anderson rented to his codefendant Nick Kanell an automobile without a driver. While Kanell was driving the automobile he backed it upon the infant son of plaintiff, inflicting injuries from which the child died. Upon trial the jury found Kanell negligent and rendered a verdict against both Kanell and Anderson; the former because of his negligence and the latter upon the claimed statutory liability for his failure to carry, or cause to be carried, public liability insurance as required by Sec. 22, Chap. 43, Laws Utah 1933.

Appellant's contention is that the complaint of respondent does not state a cause of action against appellant unless it relies upon Sec. 22, Chap. 43, Laws Utah 1933.

Two points are raised attacking the validity of the section referred to: (a) that the subject is not clearly expressed in the title, and (b) that the act contains more than one subject.

The title of Chap. 43, Laws Utah 1933, is as follows:

"Motor Vehicle Registration

"An Act to Require the Registration of Motor Vehicles, Trailers and Semitrailers and to Require the Payment of Fees Thereupon and to Require Report to Be Made of Any Accident Involving a Vehicle and to Impose Certain Duties and Obligations Upon the Owners of Motor Vehicles Rented Without Drivers, and to Prevent the Taking, Transfer of or Injury to Any Vehicle Without the Consent of the Owner; To Provide for a Department of Motor Vehicles and Its Powers and Duties Hereunder; to Regulate Court Procedure in Certain Civil Actions Arising Under This Act; to Provide Penalties for Violations of This Act and to Make Uniform the Law Relating to the Subject Matter of This Act."

Before passing to the discussion relating to the subject matter of the act, let us examine the title and compare it with the title of the act as amended and re-enacted by Chap. 46, Laws Utah 1935:

"Motor Vehicles

"An Act Relating to Motor Vehicles, Trailers and Semitrailers, the Ownership Thereof and Other Interests Therein; and to Provide for the Registration Thereof and the Issuance of Certificates of Title Therefor Upon Payment of Certain Fees; and to License Persons in the Business of Wrecking Such Vehicles or Dealing in Such Vehicles or Parts Thereof; and to Protect Owners of Such Vehicles Against Theft, Embezzlement or Other Loss Thereof; and Providing for the Administration and Enforcement of Motor Vehicle Laws by a Department of Motor Vehicles; and Imposing Penalties for Violations of This Act; and to Make Uniform the Law Relating to the Subject Matter of This Act; and Repealing Chapters 1, 2, 3, 5, 6, 9 and 11, Title 57, Revised Statutes of Utah, 1933; and Chapters 43 and 44, Laws of Utah, 1933, and All Other Acts or Parts of Acts in Conflict With the Provisions of This Act."

It is not suggested that because the Legislature recast the title when the law was re-enacted and amended that it was a confession on the part of the Legislature that the 1933 title was necessarily erroneous; but the recast title with the omission of the "duties and obligations" put upon owners of motor vehicles without drivers leads one to suspect that a discovery might have been made. The comparison of titles makes it evident that the title of the repealed statute was erroneous.

The first question suggesting itself is: What is the subject matter of the act? The answer is: "The Registration of Motor Vehicles." This, without question, is the subject matter about which and within which the other detailed subject matter must be included. If the bill is responsive to the title and does not contain more than one subject it must be limited to "Registration of Motor Vehicles."

The title may be condensed and labeled (a) An act to require the registration of motor vehicles (b) to impose cer-

tain duties and obligations upon the owners of motor vehicles rented without drivers (c) provide for a department of motor vehicles (d) regulate court procedure in certain civil actions arising under this act and (e) provide penalties.

Had the subject matter of the act been designated "An Act Relating to Motor Vehicles," as was done when the act was amended and re-enacted, and the provision for insurance of drive-it-yourself business omitted, we would have a different question.

We agree with the statement of this court in the case of *Utah State Fair Ass'n* v. *Green,* 68 Utah 251, 249 P. 1016, 1025, that generally the title of an act is not objectionable if it is sufficient to give notice of the general subject matter of the legislation contained in the act, and of the interests likely to be affected. "The title was never intended to be an index to the law." The rules therein set forth are applicable to the instant case. Referring to the case of *Edler* v. *Edwards,* 34 Utah 13, 95 P. 367, the following quotation is made therein:

"The courts are, however, unanimous with respect to the following general rules to be observed: (1) That the constitutional provision now under consideration should be liberally construed; (2) that the provision should be applied so as not to hamper the lawmaking power in framing and adopting comprehensive measures covering a whole subject, the branches of which may be numerous, but where all have some direct connection with or relation to the principal subject treated; (3) that the constitutional provision should be so applied as to guard against the real evil which it was intended to meet; and (4) that no hard and fast rule can be formulated which is applicable to all cases, but each must to a very large extent be determined in accordance with the peculiar circumstances and conditions thereof, and that the decisions of the courts are valuable merely as illustrations or guides in applying these general rules. Moreover, it is now established beyond question that unless the invalidity of a particular law in question is clearly and manifestly established the law must prevail as against such an objection. If, therefore, by any reasonable construction, the title of the act can be made to conform to the constitutional requirement, it is the duty of the courts to adopt this construction rather than another (if the title be open to more than one construction) which will defeat the act. 1 Lewis' Suth. Stat. Const. (2d Ed.)

§§ 115-127, and cases there cited. In case of doubt it must be assumed that the Legislature understood and applied the title so as to comply with the constitutional provision, and not contrary thereto. If, after applying such a reasonable construction the title is insufficient, or the subject is plural, then the law must fail. The provision is mandatory, and may not be ignored."

The unanimity of the law and the reasonableness of the rules of construction above stated require the acceptance of the conclusion reached. We may agree with what the law is and still find divergent views as to the applicability of it to a given set of facts. "Horse racing" and "pari-mutual betting" to some minds may be one subject, to another two. Registration of automobiles and ownership of and liability for negligence of a rent driver, to some may be one subject. To us it is at least two.

The subject matter of the title is "Registration of Motor Vehicles" and is limited. Had the title been broadened to "An Act Relating to Motor Vehicles" etc., the scope of the title and the subject matter that might have been included would have been sufficiently broad to include "Registration of Motor Vehicles." The subject matter is stated, "Registration of Motor Vehicles," with the details added, and may not be broadened by construction to include matters other than those related to registration. An act relating to the breeding of horses could not by construction be made to include breeding of foxes, but an act relating to breeding of animals would include both.

A title to an act does not purport to state the details but it must be broad enough to include the subject of the legislation. ■

Sec. 22, Chap. 43, Laws Utah 1933, reads: ■

"(a) The owner of a motor vehicle engaged in the business of renting motor vehicles without drivers, who rents any such vehicle without a driver to another, otherwise than as a part of a bona fide transaction involving the sale of such motor vehicle, permitting the renter to operate the vehicle upon the highways, and who does not carry or cause to be carried public liability insurance in an insurance company

or companies approved by the insurance commissioner of this state insuring the renter against liability arising out of his negligence in the operation of such ren[t]ed vehicle in limits of not less than $5,000 for any person injured or killed and $10,000 for any number more than one injured or killed in any one accident and against liability of the renter for property damage in the limit of not less than $1,000 for one accident, shall be jointly and severally liable with the renter for any damages caused by the negligence of the latter in operating the vehicle and for any damages caused by the negligence of any person permitted to operate the vehicle by the person renting the same and with the express or implied permission of the owner. The foregoing provisions shall not confer any right of action upon any passenger in any such rented vehicle as against the owner, but nothing herein contained shall be construed to prevent the introduction as a defense of contributory negligence to the extent to which such defense is allowed in other cases. Such policy of insurance shall insure to the benefit of any person permitted to operate the vehicle by the person renting the same and with the express or implied permission of the owner in the same manner and under the same conditions and to the same extent as to the renter. The insurance policy or policies above referred to need not cover any liability incurred by the renter of any vehicle to any passenger in such vehicle.

"When any suit or action is brought against the owner of a for rent motor vehicle upon a joint and several liability under this section, it shall be the duty of the judge or court before whom the case is pending to cause a preliminary hearing to be had in the absence of the jury for the purpose of determining whether the owner has provided or caused to be provided insurance covering the renter in the limits above mentioned. Whenever it appears that the owner has provided or caused to be provided insurance covering the renter in the sums above mentioned, it shall be the duty of the judge or court to dismiss as to the owner the action brought under this section.

"(b) It shall be unlawful for the owner of any motor vehicle engaged in the business of renting motor vehicle without driver, to rent a motor vehicle without a driver, otherwise than as a part of a bona fide transaction involving [sic] the sale of such motor vehicle, unless he shall have previously notified the department of the intention to so rent such vehicle and shall have complied with the requirements as to the showing of his financial responsibility as provided in section 9 (c) of this act.

"(c) Whenever the owner of a motor vehicle rents such vehicle without a driver to another it shall be unlawful for the latter to permit any other person to operate such vehicle without the permission of the owner."

We fail to discover anything in the title "Registration of Motor Vehicles" that would justify the inclusion of liability of owners of rent automobiles for negligence of the drivers of such rented automobiles.

If that part of the title relating to the imposing of certain duties and obligations upon owners of motor vehicles rented without drivers could be said to be properly included in the title "Registration of Motor Vehicles" which we think it cannot, there would still be nothing in the title to apprise one that unless he carries public liability insurance protecting anyone against the negligence of such renting driver he would be personally liable.

There are matters included in the statute which we think make it duplicatus. It contains subject matter not clearly expressed in the title and is therefore violative of Section 23, Article VI of the Constitution of the State of Utah, providing,

"Except general appropriation bills, and bills for the codification and general revision of laws, no bill shall be passed containing more than one subject, which shall be clearly expressed in its title."

The law here under discussion having been repealed makes the instant case important only as to the parties involved, yet the principles of law remain the same.

The statute is invalid and the judgment of the trial court is reversed. Costs to appellant.

LARSON, J., concurs.

PRATT, Justice (concurring).

I concur for the reason that two subjects have been joined in one act, to wit: (1) Registration of motor vehicles; (2) a statutory liability prescribed as an incident to engaging in the "Drive It Yourself" business. The latter is not a penalty to enforce registration; but is a liability fixed as a basis of recovery against those engaging in such a business, who are financially able to respond in damages without

bond and therefore entitled to have their car or cars registered. Section 9, subsection (c), Chap. 43, Laws Utah 1933.

McDONOUGH, Justice (dissenting).

We dissent.

The subject matter of the act under examination is not, it is submitted, "The Registration of Motor Vehicles," as asserted in the opinion of the court. It is much more comprehensive. The comparison made in such opinion between the title under discussion and that of Chapter 46, Laws Utah 1935, reveals this fact. The latter act is specified in the title to be "An Act Relating to Motor Vehicles." The act before us is not designated in the title "an act relating to the registration of motor vehicles." It is an act "to require" certain things to be done, "to prevent" other things from being done, to "Impose Certain Duties and Obligations Upon" certain owners, "to Regulate Court Procedure," "To Provide for a Department"—all with reference to motor vehicles, not merely relative to the registration thereof.

"The word 'subject' is used to indicate the chief thing to which the legislation relates. * * *" 25 R. C. L. 843. "The subject of an act is the matter or thing forming the ground work of the act. * * *" Id., p. 844.

This groundwork may be expressly stated in a single short sentence, or it may be indicated by a number of consistent and related provisions thereof. The subject matter of this act is "motor vehicles" as limited by the portion of such general subject as the legislature chose to therein legislate about, which limitation is expressed in the title. True, as stated in the court's opinion, an act relating to the breeding of horses could not be made by construction to include the breeding of foxes; but an act to require certain acts and to prohibit others relative to animals, and to impose certain duties upon the owners of animals, might well include both horses and foxes.

Let us recast the title of the act thus: An Act relating to motor vehicles, trailers and semi-trailers: The registration thereof; the payment of certain fees thereon; reports of accidents involving same; the imposition of certain duties and obligations upon the owners of motor vehicles rented without drivers; the taking, transferring or injuring of any such vehicle without the consent of the owner; the regulating of court procedure in certain civil actions arising under this act; providing for a Department of Motor Vehicles; and so on to the end of the title.

The title thus recast would, in our opinion, express no more comprehensively the subject matter of the act than does the title as written. It seems clear that the groundwork of the act, as revealed by the rewritten title, is motor vehicles. It seems equally clear that the groundwork of the title we are examining is the same. The fact that the first phrase of the sentence making up the title requires registration of motor vehicles, does not make registration the subject of the act. Had the third phrase been used first, the subject of the act would not be "Reports of Accidents Involving Motor Vehicles." If the title as recast is not objectionable on the ground that it fails clearly to express the subject or that it expresses more than one, neither, it would seem, is the title as written.

The construction here made of the title is in accord with the general rules quoted in the prevailing opinion from *Edler* v. *Edwards,* 34 Utah 13, 95 P. 367, 368. Especially pertinent is the rule therein stated to the effect that "if, therefore, by any reasonable construction, the title of the act can be made to conform to the constitutional requirement, it is the duty of the courts to adopt this construction rather than another (if the title be open to more than one construction) which will defeat the act." In *Marioneaux* v. *Cutler,* 32 Utah 475, at page 486, 91 P. 355, at page 358, this court quoted with approval the following apt excerpt from the case of *Mills* v. *Charleton County Treasurer,* 29 Wis. 400, 410, 9 Am. Rep. 578:

" 'As already observed, the subjects of legislation are usually expressed with the utmost brevity and conciseness in these titles, and some consideration must be given to this circumstance in determining the question. The court is not to set aside or declare an act void because the subject was not as fully or as unequivocally expressed as it might otherwise have been. A liberal rule of interpretation must prevail in this respect, not only for the reason just stated, but because the proposition is to strike down and defeat the act of the Legislature, which can never be done on slight or untenable grounds. It is a truth which has been often asserted and often acted upon by the courts that to justify the annulling of a statute by judicial sentence the violation of the constitution must be clear and unmistakable.' "

The subject of the act—"the chief thing to which the legislation relates"—being so determined, its singleness is patent; the germaneness of the duties and obligations of the owner of a vehicle thereto manifest.

But it is said that the title of the act is likewise objectionable because the subject matter of Section 22 of the Act is not clearly expressed in the title. Appellant argues that the subject of Section 22 is the liability of the owner of a motor vehicle engaged in the business of renting motor vehicles without drivers, who rents such vehicle to another. The only portion of the title of the act, it is contended, which could point to the subject of Sec. 22 is the part thereof which imposes "certain duties and obligations upon" such owners. Neither the word "duties" nor the word "obligations" is synonymous with the word "liability." Hence the subject matter of Section 22 is not clearly expressed in the title and the section is therefore void. Definitions of these words are quoted from standard works by appellant. The niceties of distinction which they may reveal need not, we think, be adverted to. As stated by the New Jersey Court of Errors and Appeals,

"We are unwilling * * * to deal with the question of the constitutionality of a statute upon so narrow a basis as that afforded by lexicographers. We prefer, and we think we are required, to look at the matter from a different, if not a broader, point of view." *Sawter* v. *Shoenthal*, 83 N. J. L. 499, 83 A. 1004.

" 'If the words of a title, taken in any sense or meaning which they will bear, are sufficient to cover the provisions of the act, the act will be sustained, though the meaning so given the words may not be the most obvious or common. The same rules of construction apply to titles or (as) to other parts of a statute, but it is to be remembered that these rules of construction are servants and not masters, and should not be applied to defeat the legislative intent.' " *Marioneaux* v. *Cutler*, supra, quoting from 1 Lewis' Sutherland's Statutory Construction, pp. 216, 217.

True, as to the matter contained in Section 22 and Section 9 (c) of the Act, it may have been more precise to say in the title that the act imposed duties, obligations and liabilities upon the designated owners. But "duties" and "obligations" are not such narrow terms as not to encompass the liability imposed by Section 22. The words are sufficiently comprehensive to include not only the duty or obligation of agreeing to insure, or in lieu thereof give evidence of financial responsibility when applying for registration, but the duty or obligation of responding in damages in the event of injury caused by the negligence of a renter or of providing insurance to cover the liability.

Were Sections 9 (c) and 22 of the Act enacted in a separate bill the title of which read, "An Act to Impose Certain Duties and Obligations Upon the Owners of Motor Vehicles Rented Without Drivers," it would be, in our opinion, a narrow and unwarranted construction thereof to hold that the words "duties and obligations" referred merely to the duty of agreeing to insure or of showing financial responsibility at the time of applying for registration and had no reference to the duty clearly imposed by the two sections construed together, viz., the duty owed to the public of insuring the driver of a "drive-it-yourself" vehicle or of responding in damages for the negligence of such driver.

However, though the argument were valid that such meaning could not properly be given to the words used in the title, nevertheless the subject of Section 22 is sufficiently expressed in the last discussed portion of the title. The imposition therein of duties and obligations contemplates

legal duties and obligations; hence, implies legal liability for failure to perform them. Statutes are not enacted merely to define a policy but to provide means of effectuating that policy.

"Any means or provisions reasonably adapted to carry out and make effectual the principal object or purpose of a statute as disclosed by its title may be included in the body of the Act, although not expressed or referred to in the title, without violating the constitutional provision" in question. 59 C. J. 814.

Imposing liability for failure to perform a duty or carry out an obligation is a usual means of making effectual a provision imposing such obligation or duty. In *Western Union Telegraph Co.* v. *Braxtan,* 165 Ind. 165, 74 N. E. 985, 986, the act under discussion provided that anyone violating its provisions should be "liable to any party aggrieved in a penalty of one hundred dollars for each offense, to be recovered in a civil action   *   *   *." The court, 165 Ind. 165, at page 986 of 74 N. E., said:

"Considered in the light of these rules, the title under consideration seems to be devoid of difficulty. It reads: 'An act prescribing certain duties of telegraph and telephone companies, prohibiting discrimination between patrons, providing penalties therefor, and declaring an emergency.' It is here announced that the subject of the proposed legislation is the prescribing of certain duties of telegraph and telephone companies. Under such a notice, legislators should reasonably expect the imposition of specific duties, and the institution of some suitable and efficient means for the enforcement of such duties. So it may be said that the imposition of any reasonable duty, and the prescribing of any reasonable measure for securing a performance of such duties, would be germane to the title.   *   *   *   The third clause, 'providing penalties therefor,' is clearly a detail, which, as we have seen, might have been as well omitted as inserted."

Under the constitutional provision under discussion

"a statute may ordinarily include provisions giving a remedy or prescribing a penalty for a violation of or non-compliance with the principal requirements of the act, although such provisions are not expressly indicated in the title.   *   *   *" 59 C. J. 815, and cases cited.

In testing the sufficiency of a title under the constitutional provision here invoked, we should keep in mind in addition to the presumption of constitutionality, hereinabove adverted to, the objects of such provision.

"The mischief sought to be remedied by the requirement of a single subject or object of legislation was the practice of bringing together in one bill matters having no necessary or proper connection with each other but often entirely unrelated and even incongruous. By the practice of incorporating in proposed legislation of a meritorious character provisions not deserving of general favor but which, standing alone and on their own merits, were likely to be rejected, measures which could not have been carried without such a device and which were sometimes of a pernicious character were often incorporated in the laws; for, to secure needed and desirable legislation, members of the legislature were, by this means, often induced to sanction and actually vote for provisions which, if presented as independent subjects of legislation, would not have received their support. It was also the practice to include in the same bill wholly unrelated provisions, with the view of combining in favor of the bill the supporters of each, and thus securing the passage of several measures, no one of which could succeed on its own merits. To do away with this hodge podge or 'log rolling' legislation was one, and perhaps the primary, object of these constitutional provisions. Another abuse that developed in legislative bodies was the practice of enacting laws under false and misleading titles, thereby concealing from the members of the legislature, and from the people, the true nature of the laws so enacted. It is to prevent surreptitious legislation in this manner that the subject or object of a law is required to be stated in the title. While the objects of these constitutional provisions are variously stated, the authorities are agreed that they were adopted to remedy these and similar abuses. The purposes of these constitutional provisions have been summarized as follows: (1) to prevent 'log rolling' legislation; (2) to prevent surprise, or fraud, in the legislature by means of provisions in bills of which the title give no intimation and (3) to apprise the people of the subject of legislation under consideration." 25 R. C. L. 834-836, § 83.

In the light of the purpose of the constitutional provision as thus expressed and under the rules relative to its construction uniformerly applied by this court, we are of the opinion that the act in question is clearly not violative thereof. Consequently, the trial court was not in error in over-

ruling the demurrer of appellant to the complaint of respondent and in submitting the case to the jury on the question of the liability of appellant. The judgment should be affirmed.

WOLFE, J., concurs.